# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| KATHY ARNTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4253-SSA-CV-C-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Kathy Arntz seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff claims she became disabled beginning on October 26, 2003. Her insured status under Title II expired on December 31, 2004, so to receive benefits, she must have been disabled prior to that date.

The parties' briefs were fully submitted, and on August 21, 2008, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Plaintiff Kathy Arntz was born in 1960, completed high school and has a college education. Her relevant work experience is as a housekeeper and factory worker. She is five feet six inches tall and weighed approximately 190 pounds at the time of the administrative

hearing.[2]  She claims she is disabled due to a back impairment, hypertension, diabetes, obesity and depression.

Arntz has had two back surgeries and asserts that she can only sit comfortably for about five minutes and stand comfortably for about five minutes, but that in 2003, she could stand for about thirty minutes.  She states she cannot walk far without crutches, but can walk about ten or fifteen minutes with them.  (TR at 506.)  She has had trigger-point injections and claims she spends a great deal of time in bed because of severe pain.

After considering the evidence, the Administrative Law Judge (ALJ) found Arntz had the severe impairments of fibromyalgia, spondylitic spurring and central canal stenosis, carpal tunnel syndrome and depression.  He determined that prior to December 31, 2004, she was precluded from lifting and carrying more than ten pounds, standing and/or walking more than three hours in an eight-hour work day, and sitting more than six hours in an eight-hour workday, and could not return to her former jobs.  Nevertheless, she had the residual functional capacity to do a full range of sedentary work.  Based upon that capacity, her age, education and work history, he used Medical-Vocational Rules 201.28 and 201.21 to find she was not disabled within the meaning of the Social Security Act.

Plaintiff asserts the ALJ erred in relying on the medical vocational guidelines because she had nonexertional impairments and the record does not support a residual functional capacity for the full range of sedentary work.  She cites to pages of the medical records showing she was treated during the relevant time for depression and states that the medical source statements from her treating physician show she had limitations which would prevent her from performing the full range of sedentary work.

Clearly, the statements from Dr. McElroy indicate plaintiff had limitations with regard to handling and fingering and/or fingering and reaching in 2003 and 2004.  (TR at 270 and Doc. 13, Exh. A.)  Dr. McElroy indicated she would need to recline and prop her legs up for up to thirty minutes for one to three times per day for pain and/or fatigue.  (TR at 229.)  By

---

[2]The ALJ stated plaintiff is 64 inches tall and weights 307 pounds.  (TR at 12.)  The height and weight listed above is from plaintiff's testimony at the hearing held on March 2, 2005.  (TR at 497.)

3

2005, Dr. McElroy indicated plaintiff was currently unable to work (TR at 330) and that she continued to need to recline, lie down or prop her legs up several times per day. (TR at 359.) A statement in 2006 reasserts her need to recline, lie down, etc., but now indicates she is not limited in handling and fingering.

> The ALJ is required to assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence on the record. 20 C.F.R. § 404.1527(d)(2). "A treating physician's opinion is generally given controlling weight, but is not inherently entitled to it." Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006). See 20 C.F.R. § 404.1527(d)(2). An ALJ may elect under certain circumstances not to give controlling weight to treating doctors' opinions. A physician's statement that is "not supported by diagnoses based on objective evidence" will not support a finding of disability. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir.2003). If the doctor's opinion is "inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight." Id.; see also Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2). It is the ALJ's duty to resolve conflicts in the evidence. See Hacker, 459 F.3d at 936.

Travis v. Astrue, 477 F.3d 1037, 1041 (8th Cir. 2007).

It is also the ALJ's job to determine plaintiff's residual functional capacity, which is an assessment that is supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

The ALJ discounted several of the statements made by Dr. McElroy and plaintiff with regard to her limitations and pain. The ALJ pointed to what he considered inconsistencies in the record and explained his reasons for doing so. He noted the records do not indicate she had frequent flare-ups of her fibromyalgia and they do indicate she had fairly good results with her treatment. Nevertheless, he did not address her need to recline or lie down on a daily basis because of pain or fatigue, or the limitations on her ability to finger and handle objects prior to the time she was treated with splints.

4

There is substantial evidence on the record as a whole to support some limitations in those areas, and the record does not address the degree, if any, that those limitations would affect her ability to do a full range of sedentary work. Plaintiff suggests that vocational expert testimony is required, and this court tends to agree.

Plaintiff also asserts that her depression should be considered as a nonexertional impairment and addressed accordingly. The record shows plaintiff was medicated for depression during the relevant time, but does not show her depression affected her daily activities such that she would be precluded from working. While the court does not find the ALJ erred in his separate consideration of her depression, on remand, the ALJ may want to acknowledge her treatment with medication during the relevant time, and address it in combination with her other impairments.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record and consideration consistent with this opinion.

Dated this 6th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5